UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELENE ZWYERS,

    Plaintiff,

v.                              Case No. 8:09-cv-868-T-33 TBM

TARGET CORPORATION and
DAYTON HUDSON CORPORATION,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Defendant Target Corporation's Motion to Strike (Doc. # 10), which Plaintiff opposes in part (Doc. # 14); and (2) Defendant Dayton Hudson Corporation's Motion to Strike (Doc. # 17), which Plaintiff opposes in part (Doc. # 19). To the extent that Defendants seek to strike her request for attorneys' fees, Plaintiff has withdrawn such request, and therefore, those portions of Defendants' motions are denied as moot.

**I. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting

Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

**II. Background**

In her First Amended Complaint (Doc. # 5), Plaintiff alleges the following: Plaintiff went to Defendant Target's store to get her prescription filled. The Target store is located on land that is owned by Defendant Dayton Hudson Corporation. When she exited the Target store and was walking through the crosswalk of the parking lot, Plaintiff was hit by a car. Plaintiff was hospitalized for six days and then released to a rehabilitation facility for approximately six weeks.

Thereafter, Plaintiff filed the instant lawsuit, in which she asserts a negligence claim against Defendants for failing to keep the property in a reasonably safe condition and failing to warn her of the dangerous conditions that existed. Specifically, she alleges that Defendants created a false sense of security by having a crosswalk without speed bumps, stop signs, yield signs, or other warning signs for customer using the crosswalk when leaving the Target store. Additionally, Plaintiff alleges that Defendants should have known of the dangerous conditions that existed, due to previous warnings and accidents that have occurred, and as such, their conduct amounted to gross negligence.

**III. Motions to Strike**

In response to the amended complaint, Defendants each filed similar motions to strike portions of it. Specifically, they argue that the Court should strike paragraphs 31 and 34, in which Plaintiff asserts that Defendants were grossly negligent, which she contends entitles her to punitive damages. Additionally, they seek to strike Plaintiff's request for pre-judgment and post-judgment interest. Accordingly, the Court will address each argument.

### A. Gross Negligence and Punitive Damages

Defendants contend that Plaintiff's claim for punitive damages does not meet the substantive requirements set forth in Florida Statute § 768.72 for entitlement to punitive damages. Specifically, § 768.72 provides, in pertinent part, the following:

> A defendant may be held liable for punitive damages only if . . . the defendant was personally guilty of intentional misconduct or gross negligence. . . . 'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

Fla. Stat. § 768.72(2)(b). Defendants argue that Plaintiff has merely set forth conclusory allegations that are not sufficient to support a punitive damages claim. The Court disagrees.

Plaintiff alleges that there have been prior warnings and accidents that put Defendants on notice of the dangerous

3

condition that the crosswalk presented, but Defendants failed to warn Plaintiff or take corrective action.  Defendants fail to cite any factually similar case law that holds that such cannot amount to gross negligence, and therefore, this Court is not inclined to make such a finding at this early stage in the litigation.  Defendants may raise such an argument at a later time, with proper citations to factually similar cases, and the Court will consider the issue then.  Furthermore, since the Court is allowing the allegation of gross negligence to remain, the Court will also allow the punitive damages claim to remain, with the same caveat that the Court may consider arguments for striking such allegation if supported by appropriate case law.

**B.  Pre-Judgment and Post-Judgment Interest**

Defendants also move to strike Plaintiff's request for pre-judgment and post-judgment interest, arguing that she has not sufficiently pled her entitlement.  The Court rejects this argument.

Defendants argue that Plaintiff has not properly pled her entitlement to prejudgment interest, because she has not specified an amount of out-of-pocket payments she has made towards her medical bills.  The Court rejects this argument given the liberal notice pleading standard set forth in Federal Rule of Civil Procedure 8(a) and given that Plaintiff has alleged that she was hospitalized for six days and released to a

4

rehabilitation facility for approximately six weeks. Furthermore, Defendants are not prejudiced by the Court allowing Plaintiff's request for pre-judgment interest to remain.

Similarly, Defendants are not prejudiced by Plaintiff's request for post-judgment interest. While Plaintiff is not entitled to post-judgment interest at this time, because she has not obtained a judgment in her favor, the existence of her request for post-judgment interest causes no harm to Defendants, and as such, it will not be stricken.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Target Corporation's Motion to Strike (Doc. # 10) is **DENIED**.

(2) Defendant Dayton Hudson Corporation's Motion to Strike (Doc. # 17) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of December, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record