UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELENE ZWYERS,

      Plaintiff,

v.                                           Case No.  8:09-cv-868-T-33TBM

TARGET CORPORATION,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant Target Corporation's Second Amended Motion for Summary Judgment (Doc. # 86), Plaintiff Zwyers' Cross Motion for Partial Summary Judgment (Doc. # 89), Zwyers' Motion to Strike Target Corporation's Amended Response in Opposition (Doc. # 108), and all responses thereto.

**I.  Background**

On October 21, 2008, Zwyers went to the Boot Ranch Target store located in Palm Harbor, Pinellas County, Florida, to get her prescription filled.  This Target store was constructed in 1991 and was remodeled in 2002.  When Zwyers exited the Target store and was walking through the crosswalk of the parking lot, Zwyers was hit by a car.  Zwyers was hospitalized for six days and then released to a rehabilitation facility for approximately six weeks.  The driver of the vehicle that struck Zwyers is not a party to this suit and is now deceased.

Thereafter, Zwyers filed the instant lawsuit, in which she

asserts a negligence claim against Target[1] for failing to keep the property in a reasonably safe condition and failing to warn her of the dangerous conditions that existed.  Specifically, she alleges that Target created a false sense of security by having a crosswalk without speed bumps, stop signs, yield signs, or other warning signs for customers using the crosswalk when leaving the Target store.  Additionally, Zwyers alleges that Target should have known of the dangerous conditions that existed, due to previous warnings and accidents that have occurred, and as such, its conduct amounted to gross negligence.  Zwyers moves for summary judgment as to Target's liability.

Target contends that it was not negligent and that its crosswalk was adequate as it complied with that applicable site plans, Codes and laws, and it did not violate Target's internal requirements.  Target further contends that the configuration of its parking lot was not the proximate cause of the subject accident or Zwyers' alleged damages.  Target moves for summary judgment on Zwyers' negligence claim as well as her request for attorney's fees and punitive damages.

## II.  Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[1]Zwyers initially filed suit against both Target and Dayton Hudson Corporation, but has since dismissed Dayton Hudson Corporation without prejudice.

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id.  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id.

**III.  Analysis**

**A. Motions for Summary Judgment**

Target's parking lot consists of one main drive that runs, essentially, north-south parallel to the front of the store. Numerous side access drives run, east-west, toward the main drive and intersect the main drive at an approximate perpendicular angle.  A sidewalk spans the entire front of the store.  There are seven yellow bollards at the edge of the sidewalk.  Just beyond the bollards, in the main drive, is a marked crosswalk with painted white horizontal stripes.

3

Zwyers exited the Target store while pushing a red Target shopping cart.  As Zwyers entered the crosswalk, the driver traveled in a westward direction toward the main drive.  Without stopping at the painted stop bar, which was accompanied by the word "STOP," the driver made a left turn heading south into the main drive and crosswalk.  The driver struck Zwyers when Zwyers was approximately half way through the crosswalk.  After the vehicle made contact with Zwyers, the driver continued forward. Zwyers was deflected toward the passenger side of the vehicle and her shopping cart was pushed ahead of the vehicle.  The driver then stopped the vehicle.

Zwyers was familiar with the store parking lot.  She visited the store once a month for two years preceding the accident to have her prescription filled.  She never had a prior similar experience wherein she was struck or almost struck by a vehicle in the store parking lot.  There is no evidence of a prior similar accident at the store.

In order to prevail on her negligence claim, Zwyers must establish: (1) that Target owed a duty, or obligation, recognized by the law, requiring Target to conform to a certain standard of conduct; (2) that Target failed to conform to that duty; (3) that there was "[a] reasonably close causal connection between the [nonconforming] conduct and the resulting injury" to Zwyers; and (4) that Zwyers suffered actual harm.  <u>Williams v. Davis</u>, 974

4

So.2d 1052, 1056 (Fla. 2007)(citations omitted).

Target admits that it owed Zwyers a duty of reasonable care in designing and maintaining its parking lot, including the subject crosswalk.  Target argues, however, that it conformed to that duty.  Target submits that it did not violate any Florida law or Pinellas County Code, and it complied with approved site plans and its internal requirements in designing and maintaining its parking lot.  Target also argues that the accident was not foreseeable and the parking lot configuration was not the proximate cause of Zwyers' complained-of damages.

"It is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty."  English v. Florida State Bd. of Regents, 403 So.2d 439, 440 (Fla. 2d DCA 1981)(citing Ten Assocs. v. McCutchen, 398 So.2d 860 (Fla. 3d DCA 1981)).  "What is and what is not negligence in a particular case is generally a question for the jury and not for the court."  Id. (citing Acme Elec., Inc. v. Travis, 218 So.2d 788 (Fla. 1st DCA 1969)).

In addition, "[f]oreseeability is generally a question for the jury."  Grissett v. Circle K Corp. of Texas, 593 So.2d 291, 293 (Fla. 2d DCA 1992)(citations omitted). "Unless it can be determined that no reasonable persons could differ in concluding that the accident was unforeseeable then a jury should decide the question; not the judge."  Cohen v. Schrider, 533 So.2d 859, 860

5

(Fla. 4th DCA 1988)(citation omitted).

The Court finds that there is sufficient evidence presented to raise a jury question as to duty, foreseeability, and proximate cause; these issues include, but are not limited to, Target's subsequent incorporation of stop signs in the crosswalk area in its developer guide, knowledge of previous similar accidents at other locations, and whether reasonable care was taken under the circumstances.  See Kimball v. Publix Super Markets, Inc., 901 So.2d 293, 295 (Fla. 2d DCA 2005); see also Springtree Props., Inc. v. Hammond, 692 So.2d 164 (Fla. 1997)(comparing case law on negligence claims and finding that "[t]he issue of foreseeability should have been left to the jury.").

Target also seeks a finding from the Court that Zwyers is not entitled to attorney's fees or punitive damages.  Target's motion as to attorney's fees is moot as Zwyers withdrew her claim for attorney's fees.  See Doc. # 22.  As for punitive damages, the Court finds that Zwyers has pled and proffered sufficient evidence to provide a reasonable basis to support the claim for punitive damages such that summary judgment is not appropriate.

**B.  Motion to Strike Response**

Zwyers moves to strike Target's Amended Response in Opposition to Plaintiff's Supplemental Cross Motion for Summary Judgment (Doc. # 107).  Specifically, Zwyers takes issue with an

affidavit signed by Ron Bailey attached to the amended response in which he testifies that he "reviewed the site plan drawings and/or aerial photographs available on the internet relative to each of the Target stores discussed [in the affidavit]."  Doc. # 107-1, ¶ 6.  Zwyers points to the fact that none of the site plan drawings or photographs referred to are attached to the affidavit.  In addition, Zwyers argues that the remainder of the response is tantamount to either an amendment or supplement to Target's motion for summary judgment for which Target has not received permission to file under Local Rules.

Target responds that it agrees to provide printed copies of the referenced aerial photographs if directed to do so by the Court.  Further, Target agrees to provide drawings relative to the following additional location referenced in Mr. Bailey's affidavit, which was not previously requested and provided to Zwyers: T-341 (Richardson Incident).  Target submits that the drawings relative to the other locations/incidents cited in Mr. Bailey's affidavit have previously been requested by and provided to Zwyers.

Having considered the motion, the Court directs Target to provide printed copies of the referenced aerial photographs and the drawings relative to T-341 (Richardson Incident), if it has not already done so, to Zwyers by April 25, 2011.  The motion is otherwise due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Target Corporation's Second Amended Motion for Summary Judgment (Doc. # 86) is **DENIED.**

(2)  Plaintiff Zwyers' Cross Motion for Partial Summary Judgment (Doc. # 89) is **DENIED.**

(3)  Plaintiff Zwyers' Motion to Strike Target Corporation's Amended Response (Doc. # 108) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of April, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

8